IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

I, Nelson Y. Rivera, United States Postal Inspector, do hereby swear and affirm the following facts as being true to the best of my knowledge, information, and belief:

1. I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States Mail. I have been a Postal Inspector since February 2012. In September 2012, I attended a one-week training course presented by the United States Postal Inspection Service addressing current trends in narcotics mailings. As part of my duties, I investigate incidents where the United States mail system is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, methamphetamine and heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and substances mailed in violation of Title 18, United States Code, Section 1716.

2. Based on my experience, training and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mails to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances include, but are not limited to the following:

a. It is a common practice for the shippers of controlled substances and proceeds of the sale of controlled substances to use Express Mail because the drugs arrive faster and on a predictable date, and this system allows shippers to keep track of the shipment. With regards to Express Mail parcels, shippers pay for the benefit of being able to confirm the delivery of the parcel by checking the U.S. Postal Service Internet Website and/or calling a toll free number.

b. These parcels in many instances contain a fictitious return address, incomplete return address, no return address, the return address is same as the addressee address, or the return address does not match the place where the parcel was mailed from. These packages are also sometimes addressed to or from a commercial mail receiving agency (i.e., UPS Store). These address practices are used by narcotics traffickers to hide the true identity of the person(s) shipping and/or receiving the controlled substances from law enforcement officials.

c. In order to conceal the distinctive smell of controlled substances from narcotic detector dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all the seams. Also, the parcels often contain other parcels which are carefully sealed to prevent the escape of odors. Sometimes perfumes, coffee, dryer

sheets, tobacco or other smelling substances are used to mask the odor of the controlled substances being shipped.

    d.    When the shipper mails controlled substances from a particular area/state, the proceeds from the sale of these controlled substances may be returned to the shipper. Based on experience and discussions, there are known source states, where controlled substances are mailed from, including California, Oregon, Washington, Arizona and Texas.

    e.    I know from training and discussions with other law enforcement officers that the following controlled substances are likely to be found during parcel interdictions: marijuana, methamphetamine, cocaine, LSD, psilocybin mushrooms, heroin, opium, and MDMA.

3.    In this warrant application, I seek this Court's authority to search this Express Mail parcel bearing USPS tracking number EG801210872US, which is described in greater detail below, for controlled substances in violation of Title 21 U.S.C. Sections 841(a)(1) and 843(b) and Title 18 U.S.C. Section 1716.

## **RELEVANT FACTS PERTAINING TO EXPRESS MAIL PARCEL EG801210872US**

4.    On July 8, 2013, the Express Parcel EG801210872US that is the subject of this search warrant affidavit (hereinafter referred to as the subject parcel), was identified by a Postal Inspector due to parcel meting many of the characteristics used by traffickers of narcotics. The subject parcel is

3

addressed to "Debbie Cook, PO Box 35826, Juneau AK 99803" from "Nancy Goodman, 3386 Stewart, LA CA 90064". A photocopy of the label of the subject parcel is attached as **Exhibit 1**. The subject parcel weighs approximately 6.6 ounces and is described as a flat express mail envelope, measuring approximately 9" x12" inches, bearing handwritten sender and addressee information. The subject parcel is affixed with a Postal Validation Imprinter (PVI) sticker in the amount of $19.95, and was mailed July 3, 2013 from Los Angeles, CA 90064.

5. This parcel met several characteristics that the drug traffickers use to prevent the detection of drugs being shipped through the mail. For this parcel, these characteristics included, but are not limited to:

   a. False return address. (Per Accurint, a law enforcement search database, there is a no record for a Nancy Goodman at 3386 Stewart, Los Angels CA 90064". The data provided by Accurint is a combination of records from different data sources which are updated daily, weekly, monthly, and annually, depending on the particular data source.) 3386 Stewart, Los Angels CA 90064 is not a real address.

   b. Non existent intended recipient. The person picked up the package was Almarie COOK, she was interviewed after picking up the package and she said that the package was for "Debbie" who is her cousin. However COOK was unable to provide any information about "Debbie Cook" other than "Debbie" worked at the Federal

4

Building in downtown Juneau. GSA confirmed that no one with the name "Debbie Cook" works at the Federal Building. A search of Postal and Juneau PD revealed that no one with the name "Debbie Cook" resides in Juneau or anywhere in Alaska. A review of Almarie COOK's criminal record reveals that includes larceny, theft and fraud.

    c.    Sent from a known source state. (California is a known source for narcotics, see Paragraph 2.c)

6. Currently there are no narcotic trained dogs available in Juneau, AK. The parcel when shaken makes a rattling sound similar to the sound of pills rattling. Since the narcotics dog was not available, Inspectors used an ionscan test was used to determine if there were traces of narcotics on the exterior of the box. The test is performed by swabbing a stripe of cotton paper on the exterior of the box then the ionscan machine uses a data base of known substances to compare to the sample to detect trace amounts of narcotics or explosives on surfaces with an error percentage of less than 1%. The test result revealed that the parcel has no traces of known drugs on its exterior. This test would not be able to detect the presence of prescription medicine.

7. Based on my training and experience as a Postal Inspector and the aforementioned factors, your affiant believes there is probable cause to believe that the subject package contains controlled substances, and/or other evidence of violations of Title 21, United States Code, Sections

5

841(a)(1) and 843(b), and Title 18, United States Code, Section 1716

FURTHER AFFIANT SAYETH NAUGHT.

                                                                         _Signature Redacted_
                                                                         Nelson Y. Rivera
                                                                         Postal Inspector

Subscribed and sworn to
before me, this 9th day of
July 2013.

_Signature Redacted_
U.S. MAGISTRATE JUDGE